IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS TERRELL SMITH,            :
                                 :
        Petitioner,              :
                                 :
vs.                              :        CIVIL ACTION 12-0416-KD-M
                                 :
CYNTHIA WHITE,                   :
                                 :
        Respondent.              :

<u>REPORT AND RECOMMENDATION</u>

This is an action under 28 U.S.C. § 2254 by an Alabama
inmate which was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8
of the Rules Governing Section 2254 Cases.  This action is now
ready for consideration.  The state record is adequate to
determine Petitioner's claims; no federal evidentiary hearing is
required.  It is recommended that this habeas petition be
dismissed as time-barred and that judgment be entered in favor
of Respondent Cynthia White and against Petitioner Marcus
Terrell Smith pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of murder in the Houston County
Circuit Court on May 2, 2000 for which he received a sentence of
life in the state penitentiary (Doc. 1).  On appeal, the Alabama
Court of Criminal Appeals affirmed the conviction (Doc. 7,

1

Exhibit E).  On May 18, 2001, the Alabama Supreme Court entered the certificate of final judgment (Doc. 7, Exhibits I, J).

Petitioner filed a Rule 32 petition on January 6, 2003 (Doc. 7, Exhibit K, p. 5).  Following the lower court's denial of the petition, the Alabama Court of Criminal Appeals affirmed the denial, finding the action to have been untimely filed (Doc. 7, Exhibit L).  The Alabama Supreme Court reversed the finding (Doc. 7, Exhibit N).  On remand, the Alabama Court of Criminal Appeals held that Petitioner's claims were of no merit (Doc. 7, Exhibit Q).  On August 13, 2004, the Alabama Supreme Court denied Smith's petition for *certiorari* and entered a certificate of judgment (Doc. 7, Exhibits R, S).

On July 28, 2011, Petitioner filed a second Rule 32 petition that was denied as successive, a decision affirmed by the Alabama Court of Criminal Appeals (Doc. 7, Exhibit Y).  On May 11, 2012, the Alabama Supreme Court denied Smith's petition for *certiorari* and entered a certificate of judgment (Doc. 7, Exhibit U, p. 2).

Petitioner filed a complaint with this Court on June 21, 2012 raising two claims asserting that the jury was given improper instructions (Doc. 1).  Respondent answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 7,

pp. 5-7).  Respondent refers to provisions of the Anti-Terrorism
and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*)
which amended, in pertinent part, 28 U.S.C. § 2244.  The
specific provision states as follows:

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus
> by a person in custody pursuant to the
> judgment of a State court.  The limitation
> period shall run from the latest of the date
> on which the judgment became final by the
> conclusion of direct review or the
> expiration of the time for seeking such
> review.

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April
24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th
Cir. 1998).

Petitioner's conviction became final on May 18, 2001, the
day the Alabama Supreme Court entered the certificate of final
judgment (Doc. 7, Exhibits I, J).  However, because Smith had
ninety days in which to seek direct review of his conviction in
the U.S. Supreme Court, those ninety days do not count against
him—whether or not he actually sought review.  *See Coates v.
Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000), *cert. denied*,
531 U.S. 1166 (2001).  Ninety days after May 18, 2001 is
December 17, 2001, so the AEDPA limitations clock began to run
the next day.  This means that Petitioner had until December 17,

2002 to file his federal habeas petition.

Petitioner's habeas corpus petition was not filed in this Court until June 21, 2012, more than nine years after the limitations period had expired.  Petitioner filed his first Rule 32 petition in state court on January 6, 2003, three weeks after the limitations period had expired.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Smith's Rule 32 petition was filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).[1]  Though given the opportunity to do so (*see* Doc. 8), the Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia White and

---

[1]The Court notes that even though his first Rule 32 petition missed the AEDPA limitations cutoff by only three weeks, he waited more than seven years to file this habeas action after that Rule 32 petition was concluded.

4

against Petitioner Marcus Terrell Smith pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Smith did not file this action within the AEDPA limitations period, a reasonable jurist could not conclude

5

either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied as time-barred.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4

6

(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being
> served with a copy of the recommendation, unless a
> different time is established by order.  The statement
> of objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed de novo and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 19th day of October, 2012.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE